```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL FREUND,
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 2 4 2017   ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

                       Plaintiff,

CV 15-6180

         -against-

(Wexler, J.)

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
SHERIFF'S DEPARTMENT, and
SHERIFF MICHAEL SPOSATO, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES,

                       Defendants.

-----------------------------------------------------------X

APPEARANCES:

    LAW OFFICES OF GREGORY J. GALLO, PC
    BY:   GREGORY J. GALLO, ESQ.
    Attorneys for Plaintiff
    34-11 Queens Boulevard
    Long Island City, New York 11101

    CARNELL T. FOSKY, NASSAU COUNTY ATTORNEY
    BY:   DIANE C. PETILLO, DEPUTY COUNTY ATTORNEY
    Attorneys for Defendants
    One West Street
    Mineola, New York 11501

WEXLER, District Judge:

      Before the Court is the Defendants' motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the following reasons, Defendants' motion is granted in part and denied in part.

-1-

## BACKGROUND

The relevant facts can be summarized as follows: Plaintiff, Michael Freund, ("Plaintiff" or "Freund"), is a former Corrections Officer who was employed by the Nassau County Sheriff's Department (the "Sheriff's Department") from August 1995 to September 6, 2011, when he retired on disability due to an injury suffered in 2009 in the course of his duties as a corrections officer. Following his retirement, Plaintiff applied to the Sheriff's Department for a "good guy letter," which would allow him to possess and carry a pistol as a retiree. Plaintiff's application for a good guy letter was denied by Defendant Sheriff Michael Sposato ("Sposato") on or about February 22, 2014, on the grounds that Plaintiff was injured and/or disabled for medical reasons at the time of his retirement.

Plaintiff commenced the within action on October 27, 2015, alleging that Defendants have violated his Second Amendment, due process and equal protection rights under 42 U.S.C. § 1983. Plaintiff further alleges that Defendants have discriminated against him on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794. Finally, Plaintiff asserts a claim for municipal liability, as well as state law claims for gross negligence and tortious interference with prospective contractual advantage.

Defendants filed the instant motion, seeking to dismiss the entire Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). However, Defendants only address the due process, equal protection, discrimination and municipal liability claims in their

motion.[1] Although not addressed by Defendants, the Court finds, for the reasons discussed below, that Plaintiff's Complaint fails to state a claim for violation of his Second Amendment rights, gross negligence and tortious interference with prospective contractual advantage. In addition, the Court finds that Plaintiff has failed to state a claim for violation of his due process rights and disability discrimination. The Court finds, however, that Plaintiff has met his burden with respect to his equal protection and municipal liability claims.

## DISCUSSION

I. <u>Legal Standard</u>

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint, <u>see</u> <u>Iqbal</u>, 556 U.S.

---

[1] Defendants also move to dismiss Plaintiff's purported claim for violation of the Law Enforcement Officers Safety Act ("LEOSA"), 18 U.S.C. § 926, on the grounds that there is no private right of action under this statute. While the Court does not find a cause of action under LEOSA contained in Plaintiff's Complaint, Plaintiff failed to even address Defendants' arguments in his opposition to the within motion. Accordingly, to the extent there is a LEOSA claim alleged in Plaintiff's Complaint, the Court deems it abandoned. See <u>Martinez v. City of New York</u>, No. 11 Civ. 7461, 2012, U.S. Dist. LEXIS 173500, at *3 (S.D.N.Y. Dec. 6, 2012) ("A court 'may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.'") (quoting <u>Lipton v. County of Orange</u>, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004)).

at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007), and to "draw[] all reasonable inferences in the plaintiff's favor." Troni, 2010 U.S. Dist. LEXIS 79670, at *5 (quoting In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007)).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II. The NCPD and NCSD are not Suable Entities

As Defendants correctly point out in their motion, Defendants Nassau County Police Department and Nassau County Sheriff's Department are not suable entities. It is well-established that "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (citing cases). Accordingly, the Nassau County Police Department and the Nassau County Sheriff's Department are hereby dismissed from this action.

III.   The Due Process an Second Amendment Claims

Plaintiff alleges that he has a protected property and/or liberty interest in a firearms license - and, by extension, the good guy letter - which was denied by Defendants without due process of law, in violation of 42 U.S.C. § 1983. "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 218 (2d Cir. 2012) (citing Narumanchi v. Bd. of Trustees, 850 F.2d 70, 72 (2d Cir. 1988)). To establish deprivation of a property interest, a plaintiff must demonstrate an interest "in a benefit that is 'more than an abstract need or desire for it . . . [He] must, instead, have a legitimate claim of entitlement to it' under state or federal law in order to state a § 1983 claim." Finley v. Giacobbe, 79 F.3d 1285, 1296 (2d Cir. 1996) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)) (alteration in original).

"[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Town of Castle Rock v. Gonzalez, 545 U.S. 748, 756 (2005) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989)). Under New York law, "[i]t is well-settled that the possession of a handgun license is a privilege, not a right." Papaioannou v. Kelly, 788 N.Y.S.2d 378, 378 (1st Dep't 2005) (citing cases). Moreover, the parties do not dispute that, under New York Penal Law, decisions on whether or not to issue pistol permits are made by the licensing officer in the county where the applicant resides, which, in this case is Defendant Sposato. See N.Y. Penal Law § 400.00(3)(a). Licensing officers, such as Sposato, are vested with broad discretion in making the determination whether or not to issue a pistol permit. See Simmons v. New York City Police Dep't License Div., 825 N.Y.S.2d 768, 769 (2d Dep't

2006).

Since it is a discretionary decision on Sposato's part whether to issue a pistol permit, and by extension, a good guy letter, Plaintiff cannot establish he has a protected property interest in either the pistol permit or the good guy letter he seeks to obtain. Accordingly, his Complaint fails to state a claim for a procedural due process violation and that claim is hereby dismissed.

2. Second Amendment

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court has held that the Second Amendment "codified a pre-existing right" that includes an "individual right to possess and carry weapons in case of confrontation."[2] District of Columbia v. Heller, 554 U.S. 570, 592 (2008).

The "right secured by the Second Amendment is not unlimited," however, such that it does not protect a right "to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." Heller, 554 U.S. at 626. Moreover, case law within this circuit indicates that "the 'right to bear arms' is not a right to hold some particular gun." Garcha v. City of Beacon, 351 F. Supp. 2d 213, 217 (S.D.N.Y. 2005). Here, Plaintiff is still able to obtain a gun license to own a shotgun or a rifle as a good guy letter is not necessary for the purchase and possession of those firearms. Without the good guy letter, Plaintiff is simply prevented from possessing and carrying a pistol, not all firearms.

Since "there is no allegation that Defendants' actions have affected Plaintiff's ability to

---

[2] In 2010, the Supreme Court held for the first time that the Second Amendment's protections apply fully to the states through the Fourteenth Amendment's Due Process Clause. See McDonald v. Chicago, 561 U.S. 742, 750 (2010).

retain or acquire other firearms . . . the conduct alleged in the . . . Complaint does not amount to a Second Amendment violation." Vaher v. Town of Orangetown, 916 F. Supp. 2d 404, 430 (S.D.N.Y. 2013); see also McGuire v. Village of Tarrytown, No. 08 Civ. 2049, 2011 WL 2623466, at *7 (S.D.N.Y. June 22, 2011) (holding that because "defendants did not prevent [plaintiff] from acquiring another weapon, they did not impede plaintiff's 'right to bear arms'"). Accordingly, Plaintiff's claim for violation of his Second Amendments rights is hereby dismissed.[3]

IV. The ADA and the Rehabilitation Act

Plaintiff alleges that Defendants discriminated against him based on his disability in violation of the ADA and the Rehabilitation Act when they failed to issue the requested good guy letter. According to Plaintiff, his disability was the sole reason for Defendants' denial of a good guy letter.

Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009) (quoting 42 U.S.C. § 12132. "Similarly, the Rehabilitation Act requires that specified 'otherwise qualified' disabled individuals receive reasonable accommodations from programs receiving federal financial assistance." Harris, 572 F.3d at 73 (quoting 29 U.S.C. § 794(a)).

---

[3] As stated above, Defendants did not move to dismiss this claim. Rather, after reviewing the Complaint, the Court dismisses the claim sua sponte.

To establish a prima facie violation of the ADA, Plaintiff must demonstrate: (1) that he is a "qualified individual" with a disability; (2) that he was "excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity;" and (3) that such discrimination was "due to his disability." Hargrave v. Vermont, 340 F.3d 27, 34-35 (citing 42 U.S.C. § 12132). "These requirements apply with equal force to [P]laintiff['s] Rehabilitation Act claims." Hargrave, 340 F.3d at 35 (citing Rodriguez v. City of New York, 197 F.3d 611, 618 (2d Cir. 1999)).

To satisfy this standard at the motion to dismiss stage, Plaintiff is required to allege that he suffers from a physical or mental impairment that "substantially limit[s]" an activity that "constitutes a major life activity under the ADA." Telemaque v. Marriott Int'l, Inc. No. 14 Civ. 6336, 2016 WL 406384, at *6 (S.D.N.Y. Feb. 2, 2016) (quoting Colwell v. Suffolk Cty. Police Dep't, 158 F.3d 635, 641 (2d Cir. 1998)) (additional citations omitted) (alteration in original). "Not every impairment is a 'disability' within the meaning of the ADA; rather, there are two requirements: the impairment must limit a major life activity and the limitation must be substantial." Capobianco v. City of New York, 422 F.3d 47, 56 (2d Cir. 2005) (citing 42 U.S.C. § 12102(2)(A)). "A 'major life activity' is one that is 'of central importance to daily life,' including functions such as caring for oneself, walking, seeing, hearing, speaking, breathing, learning and working." Telemaque, 2016 WL 406384, at *6 (quoting Primmer v. CBS Studios, Inc., 667 F. Supp. 2d 248, 258 (S.D.N.Y. 2009)) (additional citations omitted).

Here, Plaintiff does not allege that any of the foregoing major life activities are substantially limited by reason of his disability. In fact, Plaintiff repeatedly alleges throughout his Complaint that he does not suffer from any "impairments to his abilities to own, handle,

-8-

operate, and secure pistols/firearms." (See, e.g., Compl. ¶ 132.) Accordingly, while Plaintiff may have retired from his position with the Sheriff's Department due to a disability that prevented him from continuing his employment, he does not allege that he is "disabled" within the meaning of the ADA or the Rehabilitation Act.

Rather, Plaintiff appears to allege that the ability to own and operate a firearm is a major life activity, pursuant to the ADA and the Rehabilitation Act. However, at least one court in this circuit has rejected the argument that the "ability to carry a gun" constitutes a "major life activity," noting that the definition of "major life activity" is "limited to eating, sleeping, walking, seeing, talking, hearing and breathing." Santiago v. New York City Police Dep't, No. 05 Civ. 3035, 2007 WL 4382752, at *8 (S.D.N.Y. Dec. 14, 2007), aff'd, 329 Fed. App'x 328 (2d Cir. 2009) (citing Mescall v. Marra, 49 F. Supp. 2d 365, 373 (S.D.N.Y. 1999)). This Court agrees and finds that because the ability to carry own or operate a firearm is not a major life activity, Plaintiff is not disabled within the meaning of the ADA or the Rehabilitation Act. As such, Plaintiff's Complaint fails to state a claim under the ADA and the Rehabilitation Act and those claims are dismissed.[4]

---

[4] In addition, it is well-established that there is no individual liability under the ADA or the Rehabilitation Act, whether the individual is sued in their official or individual capacity. See Spiegel v. Schulmann, 604 F.3d 72, 79-80 (2d Cir. 2010) (explaining that there is no individual liability under the ADA); Cohn v. KeySpan Corp., 713 F. Supp. 2d 143, 154 (E.D.N.Y. 2010) ("Individuals may not be sued in their individual or personal capacity under the ADA or Rehabilitation Act."); Maus v. Wappingers Cent. Sch. Dist., 688 F. Supp. 2d 282, 302 n.10 (S.D.N.Y. 2010) ("[I]ndividuals cannot be named as defendants in ADA or Rehabilitation Act suits in their official or representative capacities."). Accordingly, the ADA and Rehabilitation Act claims asserted against Defendant Sposato in both his individual and official capacities are hereby dismissed on this ground as well.

V.  The State Law Claims

Plaintiff alleges the following state law claims stemming from the denial of his requested good guy letter: (1) tortious interference with prospective contractual advantage and (2) gross negligence. Although Defendants did not move to dismiss these claims, the Court finds that they fail as a matter of law and dismisses them sua sponte.

1.  Tortious Interference with Prospective Business Advantage

"Under New York law, to state a claim for tortious interference with prospective economic advantage, the plaintiff must allege that '(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair or improper means; and (4) the defendant's interference caused injury to the relationship.'" Kirch v. Liberty Media Corp., 449 F.3d 388, 400 (2d Cir. 2005) (quoting Carvel Corp. v. Noonan, 350 F.3d 6, 17 (2003)). Plaintiff's Complaint is completely devoid of any allegations concerning a business relationship between Plaintiff and a third party. Nor are there any allegations that Defendant Sposato interfered with any such relationship, both of which are required elements of a claim for tortious interference with prospective economic advantage. Accordingly, Plaintiff's claim for tortious interference with prospective contractual advantage is dismissed.

2.  Gross Negligence

To state a claim for negligence under New York law, a plaintiff must establish three elements: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000) (per curiam) (quoting Akins v. Glen Falls City Sch. Dist., 53 N.Y.2d

325, 333 (1981)). The existence of a duty on defendant's part is "a <u>sin qua non</u> of a negligence claim: 'In the absence of a duty, as a matter of law, no liability can ensue.'" <u>Alfaro</u>, 210 F.3d at 114 (quoting <u>McCarthy v. Olin Corp.</u>, 119 F.3d 148, 156 (2d Cir. 1997)).

Plaintiff's claim for gross negligence fails as a matter of law because he cannot establish that Defendants owed him a duty to issue a good guy letter. As stated above in connection with Plaintiff's due process claim, licensing officers in New York - as Sposato is here - are vested with broad discretion in making the determination whether or not to issue a pistol permit. <u>See</u> <u>Simmons v. New York City Police Dep't License Div.</u>, 825 N.Y.S.2d 768, 769 (2d Dep't 2006). Since it is a discretionary decision on Sposato's part whether to issue a pistol permit, and by extension, a good guy letter, Plaintiff cannot establish that Defendants owed him any duty to issue a good guy letter. Accordingly, his gross negligence claim fails as a matter of law and is hereby dismissed.

VI. <u>Equal Protection and Municipal Liability</u>

Finally, Plaintiff alleges that Defendants violated his equal protection rights in that similarly situated Sheriff's Department employees who retire without disability are issued good guy letters. Plaintiff further asserts a claim for municipal liability, pursuant to <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), alleging that the County has permitted a pattern and practice of unreasonable denials of good guy letters to Sheriff's Department employees who retire due to disability.

To state an equal protection claim, Plaintiff must demonstrate that he was "treated differently than others similarly situated as a result of intentional or purposeful discrimination."

Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005) (citing Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995)). Taking the allegations in the Complaint as true, as the Court must at this stage of the litigation, Plaintiff has adequately pleaded that he was treated differently from Sheriff's Department employees who retired without disability and that Defendants purposely withheld Plaintiff's good guy letter because of his retirement due to disability. Moreover, Plaintiff has adequately alleged a pattern and practice on Defendants' part of withholding good guy letters on the basis of disability retirement.

Accordingly, Plaintiff has satisfied his burden with respect to his equal protection and Monell claims and Defendants' motion to dismiss those claims is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Specifically, the motion is granted with respect to Plaintiff's due process, ADA and Rehabilitation Act claims, and those claims are hereby dismissed. In addition, the Court finds that Plaintiff's Complaint fails to state a claim with respect to his Second Amendment claim, as well as his state law claims for tortious interference with prospective contractual advantage and gross negligence and those claims are also dismissed sua sponte. Finally, because the Nassau County Police Department and the Nassau County Sheriff's Department are not suable entities, all claims against them are dismissed in their entirety. In all other respects, Defendants' motion to dismiss is denied and this action shall continue solely with respect to Plaintiff's equal protection and municipal liability claims.

**SO ORDERED:**

Dated: Central Islip, New York
      February 24, 2017

                                        /s/ Leonard D. Wexler
                                        LEONARD D. WEXLER
                                        United States District Judge